UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ARTHUR D'AMARIO III,

Petitioner,

v.

U.S. BUREAU OF PRISONS,

Respondent .

Civil No. 00-2768 (ADM/AJB)

**ORDER**

Petitioner, a federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the federal Bureau of Prisons is violating his constitutional rights in several respects. However, contrary to the requirements of Rule 2(c) of The Rules Governing Section 2254 Cases in the United States Districts Courts and Local Rule 9.3, Petitioner has not submitted his petition on the form prescribed for use in this District.[1] As a result, the Court is unable to readily identify each individual ground for relief that Petitioner is attempting to advance, or the factual and legal bases for each such ground. Petitioner has also failed to provide the required information about his prior criminal proceedings. This information is necessary in order to determine whether the petition can properly be entertained by this Court.

Because Petitioner has not met the requirements of the applicable Rules, his petition will be returned to him pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases in the United States Districts Courts. The Clerk will be directed to provide Petitioner

[1] Although Petitioner is seeking relief under 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases may still be applied to his petition. See Rule 1(b).

FILED JAN 0 3 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

with a copy of the prescribed form, and Petitioner will be granted an opportunity to file an Amended Petition on that form. Each individual claim for relief that he seeks to present in his Amended Petition must be clearly identified as a separate ground for relief on the petition form. If Petitioner fails to submit an Amended Petition by January 31, 2001, it will be recommended that the action be dismissed without prejudice for failure to prosecute.

Petitioner may file a memorandum in support of his Amended Petition, (if he chooses to amend), but any such memorandum should only explain the claims that are specifically listed in the Amended Petition itself. Any claim for relief appearing only in a memorandum, and not listed in the Amended Petition itself, will not be considered.

Petitioner also is reminded that a writ of habeas corpus can affect only the fact or duration of a prisoner's confinement. Therefore, to the extent that Petitioner may be attempting to challenge the conditions of his confinement, (i.e., the loss of personal property and/or his inmate classification), habeas corpus relief will not be available. If Petitioner files an Amended Petition that includes any claims challenging the conditions of his confinement, those claims will be summarily dismissed.

Petitioner is further reminded that he cannot challenge the validity of his original federal criminal conviction and/or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Any such challenge must be brought in a motion filed in the original trial court pursuant to 28 U.S.C. § 2255. See DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam). Therefore, if Petitioner files an Amended Petition that challenges his original conviction and/or sentence, summary dismissal will be recommended.

Finally, Petitioner is reminded of the rules barring successive habeas corpus petitions. See 28 U.S.C. § 2244(a); Rule 9(b) of The Rules Governing Section 2254 Cases in the United States Districts Courts; McCleskey v. Zant, 499 U.S. 467, 489-93 (1991). It appears that Petitioner has previously filed a habeas corpus petition that was denied on the merits. Therefore, if he choose to file an Amended Petition here, he should explain, either in the petition itself or in a separate memorandum, why this action should not be summarily dismissed as an "abuse of the writ."

Petitioner's application for leave to proceed in forma pauperis, ("IFP"), will be addressed after it becomes clear whether Petitioner will continue to prosecute this matter by filing an Amended Petition.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States Districts Courts, the Clerk of Court shall return the original habeas corpus petition (Docket No. 1) to Petitioner, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2241.

2. The Clerk shall retain a copy of the original petition in the Court file, as required by Rule 2(e).

3. Petitioner shall have until January 31, 2001, to file an entirely new petition to be captioned "AMENDED PETITION," which shall be submitted on the proper form and shall set forth, accurately and completely, all of the information that is required by that form

and the Rules of this Court. Petitioner may submit a separate memorandum setting forth legal arguments in support of his claims, but each individual claim for relief must be specifically identified on the face of the Amended Petition itself.

4. If Petitioner fails to comply with the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Dated: January 2nd, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge