**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Arthur D'Amario, III, Civil No. 00-2768 ADM/AJB

Petitioner,

v. **REPORT AND RECOMMENDATION**

Constance Reese,

Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 5]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). At the time this action was commenced petitioner was a prisoner at the Federal Medical Center at Rochester, Minnesota. Petitioner alleges that time during which he was confined in a Rhode Island state facility on a bailable state offense was not properly credited against his federal sentence under circumstances in which bail was denied only because of a federal detainer. Petitioner also claims that sentencing by the United States District Court in Rhode Island was improperly based upon certain factors relating to his criminal history which resulted in a loss of concurrent state and federal sentencing and a subsequently longer federal term not intended by the federal court. Finally, petitioner alleges that respondents misstated the law and facts in previous Section 2241 actions and thereby obtained judgments by fraud. Respondent contends that the case is mooted as a result of a modification in petitioner's Rhode Island state sentence, a consequent re-computation of his federal sentence, and his release from



FILED OCT 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

custody with respect to the offenses underlying the sentences at issue in this case.[1] Respondent also argues that the prisoner's present claims constitute an abuse of the writ and are barred as result of his failure to present them in previously filed Section 2241 habeas corpus petitions in United States District Courts in New Jersey[2] and Minnesota.[3] It is the recommendation of the Magistrate Judge that this action be dismissed as an abuse of the writ.

**Discussion**

The Amended Petition for Writ of Habeas Corpus presently before the Court represents petitioner Arthur D'Amario's third attempt to obtain relief under 28 U.S.C. § 2241 for alleged errors in sentencing calculations arising out of Rhode Island state court and United States District Court sentences imposed and served by Mr. D'Amario.[4] Petitioner has steadfastly argued that the Bureau of Prisons unlawfully failed to give him proper credit on his federal sentence for time spent in state custody. The first Section 2241 action, D'Amario v. Beeler, was filed in the District of New Jersey. An Order Denying Petition for Habeas Corpus was issued by United States District Court Judge Joseph E. Irenas on July 24, 2000. Meanwhile, the petitioner

---

[1] Petitioner was released from Bureau of Prisons custody on May 24, 2001. He was previously scheduled to be released on July 1, 2001. However, petitioner remained in federal custody pursuant to pre-trial detainer on new charges.

[2] D'Amario v. Beeler, Civil No. 00-2400 (JEI).

[3] D'Amario v. Reese, Civil No. 00-1932 (ADM/AJB).

[4] A discussion of the factual background relating to sentencing and custody issues, as well as a discussion on the procedural status of the prior habeas corpus actions commenced by petitioner in this matter, is contained in Report and Recommendation of the Magistrate Judge, filed October 30, 2000 [Docket No. 31], and adopted by Order of the District Court dated January 9, 2001 [Docket No. 38], in the case entitled D'Amario v. Reese, District of Minnesota Civil File No. 00-1932 ADM/AJB.

was transferred to FMC–Rochester, Minnesota, and he proceeded to file a second petition for writ of habeas corpus pursuant to Section 2241 in the District of Minnesota, asserting essentially the same claims. The District of Minnesota action was dismissed, based upon the existence of the previous adjudication in the District of New Jersey, as well as the pending appeal of that decision. Petitioner now contends in his current amended petition for habeas corpus under 28 U.S.C. § 2241 that he should be given credit on his federal sentence for time held in state custody on a bailable offense, but for which bail was not set, arguably as a result of a federal detainer. In addition, he again claims that both state and federal sentencing courts had intended that sentencing be concurrent and that such credit was necessary to prevent multiple punishments for his offense. As a third grounds for relief petitioner alleges that he should be granted relief from the judgments in his previous Section 2241 actions pursuant to Fed. R. Civ. P. 60(b), therein allowing relief from a judgment obtained through fraud, misrepresentation or misconduct by the adverse party. Finally, through memorandum of counsel, petitioner reverts to the argument presented in previous petitions to the effect that mandatory jail credits under 18 U.S.C. § 3585(b) were not properly applied.

**Abuse of the Writ.** Though ordinary legal principles of res judicata and collateral estoppel do not strictly apply in the context of a federal habeas corpus action, consideration of the merits of claims alleged in second or subsequent actions may nonetheless be barred in the interest of finality and judicial economy. Rehbein v. Clarke, 94 F.3d 478, 481 (8th Cir. 1996). The court will exercise its own equitable powers, and will be guided by 28 U.S.C. §

2244(b)[5] and Rule 9(b)[6] of the Rules Governing Habeas Corpus Cases, in determining whether a successive petition is barred. Id., citing McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454 (1991). The controlling equitable proposition is that petitioners "should include all reasonably available claims and grounds for relief in their first habeas petition." Rehbein v. Clarke, 94 F.3d at 483, quoting Washington v. Delo, 51 F.3d 756, 760 (8th Cir. 1995). Whether new claims are barred is determined by application of abuse of the writ doctrine which requires the petitioner to show cause for failure to raise claims in an earlier petition and prejudice arising from such failure, or alternatively, present facts to indicate a fundamental miscarriage of justice resulting from failure to address the claims. Washington v. Delo at 760. In order to make a sufficient showing of cause and prejudice a petitioner typically must show that some external impediment, such as "government interference or the reasonable unavailability of the factual basis for the claim," prevented the petitioner from presenting the claim in an earlier application and thereby caused actual prejudice. Id., quoting McCleskey, 499 U.S. at 497, 111 S.Ct. 1471-72. Abuse of the writ may exist without regard to whether the failure to state a claim in a prior petition was the result of deliberate choice. Rehbein at 482, citing McCleskey, 499 U.S. at 489, 111 S.Ct. 1467.

Petitioner Arthur D'Amario filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Jersey on May 11, 2000. The petition was denied on the

---

[5] 28 U.S.C.§ 2244(a) bars successive petitions by federal prisoners under 28 U.S.C.§ 2255, except as provided in Section 2255. 28 U.S.C.§ 2244(b) bars successive petitions by state prisoners under 28 U.S.C.§ 2254, except under conditions set forth in the statute.

[6] Rule 9(b)bars second or successive petitions which fail to allege new grounds for relief or which allege different grounds of such a nature that the claims constitute an abuse of the writ. Rule 9(b) is stated separately in the context of Rules Governing Section 2254 Cases and Rules Governing Section 2255 Cases.

merits by Order dated July 25, 2000.[7] A second petition for relief under Section 2241 was filed by Mr. D'Amario in the District of Minnesota and was dismissed in January 2001. The current petition is clearly a successive petition and subject to evaluation under abuse of the writ doctrine. In the face of this procedural impediment, petitioner moves forward with old and new claims alike, impervious to any obligation to show why the court should reach the merits of those claims. Ground I of the amended petition alleges that time spent in state custody on a bailable offense while subject to a federal detainer must be credited against his federal sentence. This is a new claim for which the petitioner offers no showing whatsoever to establish cause for failure to assert this claim in his initial petition. No indication of an external obstacle or interference with the ability or opportunity to make the claim is apparent, and the court perceives no factual basis for the claim which did not exist at the time of the first habeas action. In addition, the Court finds no facts which are presented with respect to this claim which would support a determination that the failure to now consider his claim for credit based upon the bailable nature of petitioner's state offense would constitute a fundamental miscarriage of justice. The circumstances under which the petitioner might have been granted the opportunity to make bail in the state court action in Rhode Island, including the effect of a federal detainer, is entirely speculative and improbable, and petitioner simply cannot show facts which would indicate that this claim is anything other than an abuse of the writ.

With respect to Ground II petitioner again fails to make any showing whatsoever to establish cause for not presenting claims in his first petition relating to the effect of criminal

[7] Order Denying Petition for Habeas Corpus and Motion for Temporary Restraining Order. Declaration of Angela Buege, Exh. No. 6 [Docket No. 16].

history determinations on his federal sentence. As to Ground II statements regarding the intent of state and federal sentencing courts that he serve concurrent sentences, the claim essentially repeats allegations which were asserted and rejected on the merits in his first petition in the District of New Jersey and were again rejected on procedural grounds in the prior District of Minnesota action. Furthermore, petitioner offers no facts, or cogent argument, to support a claim that a fundamental miscarriage of justice would result from failure to address these claims.

The third claim of the amended petition is described as an "independent action" under Fed. R. Civ. P. 60(b) for relief from judgments in the prior New Jersey and Minnesota habeas corpus actions based upon the fraud or other misconduct of an adverse party. An independent action under Rule 60(b) is available only to prevent a grave miscarriage of justice. United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 1868 (1998). The viability of independent actions under Rule 60(b) should be considered in light of an interpretation of the rule taken as a coherent whole and such actions are permitted only where injustices are deemed sufficiently gross to demand departure from strict adherence to the doctrine of res judicata. Id. at 186. Pursuant to explicit terms of Rule 60(b), a motion for relief from a final judgment or order obtained though fraud or misconduct may be made within a year after entry of the judgment or order. The District Court ordered judgment in the petitioner's District of Minnesota Section 2241 action on January 9, 2001. The Order denying relief under Section 2241 in the District of New Jersey action was issued on September 20, 2000. The amended petition in the present Section 2241 action was filed on January 23, 2001. Petitioner has had sufficient time and opportunity to file motions under Rule 60(b) in the actions to which they would apply, and it would certainly not constitute a grave injustice to refuse to permit petitioner to commence an

independent action with respect to judgments which could be directly challenged by motion. Petitioner's independent action for relief from judgments under Fed. R. Civ. P. 60(b) should be dismissed. Furthermore, lest petitioner be prompted to file such motions in the underlying cases, the Court observes that Ground III of the amended complaint consists entirely of conclusory allegations which are wholly unsupported by facts which would justify findings of fraud or other misconduct on the part of the Bureau of Prisons or its counsel with respect to petitioner's first Section 2241 action in the District of New Jersey. The judgment in the District of Minnesota action was based upon procedural grounds and was in no way dependent upon the factual circumstances. By Order Denying Stay of Judgment[8] issued in the New Jersey case on September 27, 2000, petitioner was advised that new facts and evidence would be required to justify a change in the original judgment. Petitioner did not provide new facts and evidence in that case, and he does not now indicate the existence of relevant new facts and evidence that would support a motion pursuant to Rule 60(b).

## RECOMMENDATION

Based upon the foregoing discussion, along with the file and documents contained therein, the Magistrate Judge **hereby recommends** that:

1. The prisoner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **dismissed** on grounds that the commencement of this action constitutes an abuse of the writ;

2. Petitioner's Motion for Summary Judgment be **denied** [Docket No. 11];

3. Petitioner's Motion to Expedite be **denied as moot** [Docket No. 20];

---

[8] Petitioner's Motion for Protective Order [Docket No. 23].

4. Petitioner's Motion for Imposition of Sanctions be **denied** [Docket No. 21];

and

5. Petitioner's Motion for a Protective Order be **denied** [Docket No. 23].

Dated: 10/12/01

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before October ___, 2001. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.