**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Arthur D'Amario, III,

Petitioner,

v.

U.S. Bureau of Prisons,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2768 ADM/AJB

---

David M. Van Sickle, Esq., St. Paul, Minnesota, for and on behalf of the Petitioner on the Petition for Writ of Habeas Corpus.

Arthur D'Amario, III, *pro se,* filed the Objection to the Report and Recommendation.

Michelle E. Jones, Assistant United States Attorney, Minneapolis, Minnesota, for and on behalf of the Respondent.

---

## I. INTRODUCTION

Petitioner Arthur D'Amario, III, ("D'Amario") filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 5], which was referred to Magistrate Judge Arthur J. Boylan for Report and Recommendation ("R&R") [Doc. No. 35] under 28 U.S.C. § 636 and Local Rule 72.1(c). The R&R recommended that D'Amario's Petition be dismissed as an abuse of the writ, that his Motion for Summary Judgment [Doc. No. 17] be denied, that his Motion to Expedite [Doc. No. 20] be denied as moot, that his Motion for Imposition of Sanctions [Doc. No. 21] be denied, and that his Motion for a Protective Order [Doc. No. 23] be denied. D'Amario filed an Objection [Doc. No. 36] to the R&R. For the reasons set forth below, the R&R is accepted and the Objections are overruled.

FILED 12-11-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 12-11-01
DEPUTY CLERK

## II. BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated by reference for purposes of the present objection.

## III. DISCUSSION

Where a magistrate judge's R&R concerns a dispositive motion, a district court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Minn. LR 72.1(c)(2).

It would arguably have been sufficient for Judge Boylan's R&R to recommend dismissal of D'Amario's Petition as an abuse of the writ solely on the basis of his analysis of D'Amario's claims having been previously raised and considered both in the District of New Jersey as well as the District of Minnesota, thus making D'Amario's Amended Petition his third attempt to obtain relief under 28 U.S.C. § 2241. Nevertheless, Judge Boylan addressed each of D'Amario's three claims in the Amended Petition and explained how the first and second both failed to establish cause for failure to assert the claim in D'Amario's initial Petition, and the third was a conclusory "independent action" unsupported by the facts and also lacking in new evidence sufficient to support a motion pursuant to Rule 60(b). R&R at 5-6. After discussion of the arguments of D'Amario in his Habeas Petition were adequately and ably treated in the R&R, Judge Boylan reasonably concluded that D'Amario's Petition did not show why the Court should reach the merits of those claims. R&R at 5.

D'Amario's Objection likewise fails to articulate any reason why the Court should reach the merits of his claims, nor why his purported Petition for Writ of Habeas Corpus should not be

dismissed as an abuse of the writ. The bulk of D'Amario's Objection simply discusses the substance of his grievances. In so doing, D'Amario presents a laundry list of additional lamentations, including references to Rule 11 sanctions, Double Jeopardy, and missing transcripts, *inter alia*, that were not included in his Amended Petition, and thus not addressed by the R&R. On careful examination, the remainder of D'Amario's Objection does not specify which portions of the R&R he is purportedly objecting to, and discusses facts and allegations not germane to the basis for Judge Boylan's recommendation of dismissal. Therefore, D'Amario's Objection is denied, and the R&R is accepted.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent's Motion to Dismiss Habeas Petition [Doc. No. 29] is **GRANTED**, D'Amario's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as an abuse of the writ,
2. D'Amario's Motion for Summary Judgment [Doc. No. 17] is **DENIED**,
3. D'Amario's Motion to Expedite [Doc. No. 20] is **DENIED AS MOOT**,
4. D'Amario's Motion for Imposition of Sanctions [Doc. No. 21] is **DENIED**, and
5. D'Amario's Motion for a Protective Order [Doc. No. 23] **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: December 11, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.