**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

ARTHUR D'AMARIO, III,

Petitioner,

v.

U.S. BUREAU OF PRISONS,

Respondent.

Civil No. 00-2768 (ADM/AJB)

**ORDER**

This matter is before the Court pursuant to Petitioner's "Motion for Relief From Judgment," (Docket No. 45), brought under Fed. R. Civ. P. 60(b)(2).[1] Petitioner is asking the Court to reconsider and vacate an order dated December 11, 2001, (Docket No. 37), which denied his application for habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons discussed below, Petitioner's current Rule 60(b) motion will be DENIED.

## I. INTRODUCTION

Petitioner initiated this action by filing a § 2241 habeas petition, challenging the length of his federal prison sentence. He later filed an amended petition that lists three claims: (1) that he should have received credit toward his federal sentence for certain time that he spent in state custody, because he was denied bail in a state criminal case involving a "bailable offense," based solely on a federal detainer; (2) that the judge who imposed his federal sentence miscalculated his "criminal history points," and should have ordered that his federal sentence be concurrent with his related state sentence; and (3) that the length of his federal sentence was affected by fraud and conspiracy on the part of federal prosecutors and the Bureau of Prisons.

[1] Rule 60(b)(2) provides that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

FILED 3-14-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The magistrate judge to whom this case was assigned found that Petitioner had already challenged his sentence in two prior § 2241 habeas proceedings, and that the instant petition should therefore be dismissed as an abuse of the writ, unless Petitioner could show "cause and prejudice." See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). The magistrate judge ultimately concluded that Petitioner did not qualify for any exception to the abuse of the writ doctrine, and that his current petition should therefore be dismissed. (Report and Recommendation, ["R&R"], dated October 12, 2001; [Docket No. 35].)

Petitioner filed objections to the magistrate judge's R&R, which prompted this Court to conduct a de novo review of the matter. This Court's Order of December 11, 2001, denied Petitioner's objections, accepted the R&R, and dismissed the petition "as an abuse of the writ."

Petitioner's present Rule 60(b) motion is based on two transcripts from his state court case, which purportedly were not available to him until very recently. Petitioner contends that these newly-submitted transcripts show that he could have been released on bail in his state court case, but was precluded by the federal detainer that was lodged against him. Therefore, Petitioner again argues, according to United States v. Haney, 711 F.2d 113 (8th Cir. 1983), the time that he spent in state custody for his "bailable offense" should have been credited toward his later federal prison sentence.

## II. DISCUSSION

Petitioner's Rule 60(b) motion must be denied, because the "new evidence" on which it is based has no relevance to the critical issue in this case. The only claim to which Petitioner's "new evidence" is arguably pertinent is his first ground for relief – the "bailable offense" claim. The Court

dismissed the claim because Petitioner could have raised it in his original § 2241 habeas petition but failed to do so. Petitioner failed to show any acceptable cause that would allow him to overcome the abuse of the writ doctrine, so his petition was dismissed "as an abuse of the writ."

At most, the new transcripts that Petitioner has submitted might arguably support his assertion that his state parole violation was indeed a "bailable offense," and that he therefore could have been released on bail if not for the federal detainer. Those transcripts, however, have no bearing on the dispositive issue in this case, whether Petitioner has shown such "cause and prejudice" as would allow this Court to reach the merits of his bailable offense claim despite his abuse of the writ.[2] The newly-submitted state court transcripts do not, by themselves, show any acceptable cause for Petitioner's failure to raise his bailable offense claim in his first § 2241 habeas case. Thus, his bailable offense claim remains barred by the abuse of the writ doctrine. Petitioner's Rule 60(b) motion will therefore be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's "Motion For Relief From Judgment," (Docket No. 45), is DENIED.

Dated: March 14, 2002

ANN D. MONTGOMERY
United States District Court Judge

[2] The other exception to the abuse of the writ doctrine, commonly referred to as the "fundamental miscarriage of justice" or "actual innocence" exception, is not available to Petitioner because he is not contesting his conviction, or a death-penalty sentence. Embrey v. Hershberger, 131 F.3d 739, 740-41 (8th Cir. 1997), cert. denied, 525 U.S. 828 (1998). See also United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993).