**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Arthur D'Amario, III,

Petitioner,

v.

U.S. Bureau of Prisons,

Respondent.

---

Civil No. 00-2768 (ADM/AJB)

**MEMORANDUM AND ORDER**

Petitioner has filed a notice of appeal in this matter, (Docket No. 49), seeking appellate review of the claims raised in his application for habeas corpus relief under 28 U.S.C. § 2241. The matter is presently before the Court on Petitioner's motion for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 50.)

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

FILED APR 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In this case, Petitioner has filed a "Declaration of Indigency," (Docket No. 51), in support of his application for IFP status. According to that declaration, Petitioner has not been employed since 1987, and he has no current source of income. The declaration further shows that Petitioner's only assets are a ten-year old car, and a bank account with a balance of $2500. Petitioner states that he cannot pay the filing fee for his appeal from the funds in his bank account, because those funds are subject to a claim by the Social Security Administration for an overpayment of Social Security benefits. Based on the information reported in Petitioner's declaration in support of his IFP application, the Court finds that he is financially eligible for IFP status.[1]

While the Court does not believe that Petitioner has any meritorious grounds for an appeal, the Court is not prepared to say that his appeal is "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is found to be taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's motion to proceed in forma pauperis on appeal, (Docket No. 50), is GRANTED.

Dated: April 9, 2002

Ann D. Montgomery
United States District Court Judge

---

[1] Just over two months ago, this Court found that Petitioner was not financially eligible for IFP status on appeal in another case – D'Amario v. Olnes, Civil No. 01-742 (ADM/AJB). However, according to Petitioner's current "Declaration of Indigency," his financial circumstances have recently changed in two critical respects. First, Petitioner represents that he is no longer receiving the $1000-per-month disability insurance benefits that he was receiving when he last applied for IFP status. Second, Petitioner now represents that his bank account has become subject to an overpayment claim by the Social Security Administration.